IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2704-L |
| | § | |
| RYAN MOTOR CORP., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss for Lack or Personal Jurisdiction and for Improper Venue or, in the Alternative to Transfer Venue, Subject to De[f]endant's Special Appearance, Motion to Dismiss for Forum Non Convenience/Motion to Transfer to Venue, filed on October 28, 2016 (Doc. 6). After careful consideration of the motions, pleadings, record, and applicable law, the court determines that it lacks personal jurisdiction over Defendant and that venue is improper in the Northern District of Texas. The court, rather than dismiss for lack of personal jurisdiction or for improper venue, hereby **transfers** this action to the District of New Jersey, pursuant to 28 U.S.C. §§ 110; 1391(a),(b), and (c); 1406(a); and 1631.

I. **Factual and Procedural Background**

On July 29, 2016, Santander Consumer USA, Inc. ("Plaintiff" or "Santander") filed Plaintiff's Original Petition ("Plaintiff's Petition") in the 44th Judicial District Court of Dallas County, Texas. On September 22, 2016, Defendant removed on the basis of diversity jurisdiction. Defendant now moves to dismiss this action for lack of personal jurisdiction or, in the alternative, to transfer the case to the United States District Court for the District of New Jersey.

**Memorandum Opinion and Order - Page 1**

In Plaintiff's Petition, Santander asserts a breach of contract claim against Ryan Motor Corp. ("Defendant" or "Ryan"). Plaintiff is a Illinois corporation with its principal place of business in Dallas, Texas, and Defendant is a New Jersey corporation with its principal place of business in East Brunswick, New Jersey. Pl.'s Original Pet. ¶¶ 2-3. The parties entered into a Non-Recourse Dealer Retail Agreement (the "Agreement") governing the purchase of retail installment sales contracts for automobiles. *Id.* ¶ 7. Plaintiff is in the business of buying automobile retail installment sales contracts from automobiles dealers such as Defendant. *Id.* ¶ 6 Plaintiff alleges that pursuant to the Agreement, Defendant assigned thirty-five separate retail installment contracts to Plaintiff in which Defendant misrepresented the customer's income, employment, credit information, and other customer identifying information. *Id.* ¶ 8. Plaintiff alleges that these misrepresentations are in violations of paragraph 9(a) of the Agreement. *Id.* Plaintiff further maintains various other violations of the Agreement, including failure to tender payment for "Additional Products and Services," pursuant to paragraph 4(C) of the Agreement, and failure to pay the value of "reserve amounts." *Id.* ¶¶ 8-11.

Ryan contends that it did not purposely establish the requisite minimum contacts needed for the court to establish personal jurisdiction over it and that it has virtually no contacts in the State of Texas. Specifically, Ryan contends it: (1) has never been a resident of Texas; (2) has never maintained an agent for service in Texas; and (3) has never engaged in business in Texas. Defendant further contends that the Agreement was not negotiated or signed in Texas, and that the Agreement does not require any contractual obligations to be performed in Texas.

## II. Legal Standard for Rule 12(b)(2) - Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional

notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling

case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id*. (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

## III. Analysis

The court notes that a number of cases have been filed in this district under remarkably similar facts or virtually identical facts in which the judges transferred the cases to the districts in which the cases could have been brought originally. These cases are *Santander Consumer USA, Inc. v. Shults Ford, Inc.*, 3:11-CV-614-L; *Santander Consumer USA, Inc. f/k/a Drive Financial Services v. Anchor Motor Co., Inc.*, 3:13-CV-154-N; *Santander Consumer USA Inc. v. Union Pontiac-GMC Inc.*, 3:16-CV-2420-M; *Santander Consumer USA, Inc. v. Mayors Auto Group-Woodside, LLC*, 3:16-CV-2549-L. Moreover, the *Shults Ford, Inc.* and *Mayors Auto Group-Woodside, LLC* cases were transferred by the undersigned. In the interest of judicial economy, and in light of the similarity of facts and issues raised, rather than engage in a detailed and erudite discussion of the facts and law, the court accepts the reasoning and analysis set forth in these cases as sound and applicable to this action.

## IV. Conclusion

For the reasons herein stated, the court determines that Defendant does not have sufficient contacts with the State of Texas to establish general or specific jurisdiction over it and that venue is improper in the Northern District of Texas. While Ryan is entitled to dismissal of this action, the court **concludes** that it is in the interest of justice to transfer this action to a district in which it

could have been brought originally.  Accordingly, the court, rather than dismiss for lack of personal jurisdiction and improper venue, hereby **transfers** this action to the District of New Jersey pursuant to 28 U.S.C. §§ 110; 1391(a),(b), and (c); 1406(a); and 1631.  The clerk of the court shall effect this transfer in accordance with the usual procedure.

    **It is so ordered** this 29th day of September, 2017.

                                                                         Sam A. Lindsay
                                                                         United States District Judge